PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO ALVAREZ PESANTE, Defendant and Appellant.

No. 5883. Argued February 18, 1936.—Decided May 29, 1936.

Miguel A. García Méndez and Juan Esteves Gómez for appellant.
R. A. Gómez and Luis Janer, Prosecuting Attorneys, for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

██ It was not until the trial of the case for. bearing prohibited weapons that the defendant raised the question that more than 60 days had elapsed between the day of the filing of the information and that of the alleged arrest. The district court overruled the motion for dismissal. The district attorney maintained that the motion to discharge came too late on the day of the trial and we are agreed. See *People v. Ortiz*, 46 P.R.R. 1. Naturally, there are a number of defenses against such a motion which the district attorney might present and when the defendant allows the court to set the case, summon the witnesses and take perhaps other measures, the defendant waives any right he might have had to have the case dismissed.

It also transpired that the defendant had taken various steps after the 60 days had expired that would show or tend to show a waiver, for example, on arraignment he pleaded not guilty.

These considerations dispose of the first assignment of error.

██ The second assignment of error is as follows:

"The court committed manifest error in rendering judgment against the accused in the absence of evidence sufficient to support the allegations of the information."

The emphasis of the defendant on appeal is that it was not shown that he was actually carrying a gun. There was strong evidence tending to show the firing of a shot by the defendant and this was circumstancial evidence tending to show that he had a pistol or revolver, it was unimportant which. One of the witnesses declared that he saw the barrel of a weapon and another witness not only heard the shots but testified that she saw the weapon.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of the case.